IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DEBORA K. BETANCES,              )
                                 )
        Plaintiff,             )
                                 )
        v.                     )   No. 10-0489-SSA-CV-W-MJW
                                 )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration,  )
                                 )
        Defendant.             )

## ORDER

Before the court is the Commissioner's motion of March 4, 2011, requesting the court to enter a final judgment, pursuant to Rule 58 of the Federal Rules of Civil Procedure, reversing the decision of the Administrative Law Judge (ALJ) and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner states that, upon remand, the ALJ will be directed to update plaintiff's medical records and formulate a new residual functional capacity assessment and, if necessary, obtain testimony from a vocational expert. The ALJ's hypothetical question to the vocational expert should include all the limitations outlined in plaintiff's residual functional capacity assessment. Plaintiff has filed suggestions in opposition to a remand. Plaintiff argues that a finding of disability and award of benefits by this court is appropriate.

After consideration of the record, the court finds that a remand, pursuant to sentence four, is warranted.

> Ordinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of our abundant deference to the ALJ remand the case for further administrative proceedings. Consistent with this rule, we may enter an immediate finding of disability only if the record overwhelmingly supports such a finding.

Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000). The record in the instant case does not support a reversal for immediate payment of benefits. Remand will expedite administrative review and allow the Commissioner to properly consider the claim. Accordingly, it is

ORDERED that the decision of the ALJ is reversed, and this case is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for a proper consideration of Debora K. Betances' claim. [11]

Dated this 3rd day of May, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge